■ KIM FOLEY, Also Known as KIM HENDERSON, et al., Appellants, v CITY OF NEW YORK, Respondent. [842 NYS2d 399]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered July 27, 2006, which, upon reargument of a prior motion, denied on the merits plaintiffs' request for summary judgment and leave to file a proposed amended complaint, unanimously modified, on the law, the cause of action based on General Municipal Law § 205-e reinstated, leave granted for plaintiffs to serve an amended complaint or a supplemental bill of particulars, and otherwise affirmed, without costs. Appeal from the prior order, same court and Justice, entered September 6, 2005, which denied plaintiffs' motion for summary judgment on the issue of liability and cross motion for leave to serve an amended complaint, and granted defendant's cross motion to dismiss the complaint, unanimously dismissed, without costs, as superseded by the appeal from the later order.

Plaintiff Foley, a police officer and midnight duty captain, was

injured when she tripped and fell on a stairway outside the rear exit of the 43rd Precinct in the Bronx while responding to a domestic violence incident at a fellow police officer's apartment. Plaintiff did not know what caused her to fall because there were no lights illuminating the stairway or the rear exit. There were also no handrails on either side of the stairway. Foley and her husband asserted common-law negligence and section 205-e causes of action. Specifically, they alleged that defendant failed to install lighting in the area of the stairway and failed to provide banisters or railings on the side of the stairway, as required by the Multiple Dwelling Law.

In opposition to plaintiffs' motion for summary judgment, defendant cross-moved to dismiss the complaint on the grounds that the common-law negligence claims were barred by the "firefighter's rule," and that plaintiffs had failed to properly plead a section 205-e cause of action. In reply, plaintiffs submitted a proposed amended verified complaint and cross-moved for leave to serve it. In the proposed amended complaint, plaintiffs alleged that defendant violated section 27-375 (f) of the Administrative Code of the City of New York by failing to provide handrails for the stairway, and section 1006.1 of the International Building Code by failing to provide adequate lighting in the stairway.

The motion court agreed with defendant that the firefighter's rule barred plaintiffs' common-law negligence claims, and that the complaint and proposed amended complaint were legally insufficient to sustain a section 205-e cause of action.

Plaintiffs moved to reargue on the ground that the court improperly found no applicable regulations requiring handrails for exterior stairways, since sections 27-375 (f) and 27-376 of the Administrative Code governed this case. Plaintiffs also asserted that several sections of the Code, including sections 27-103, 27-381, and 27-725 through 27-739, when read together, require adequate exit lighting for New York City buildings.

Although the court purportedly denied plaintiffs' motion for reargument on the ground that they asserted additional statutory violations not specified in their proposed amended complaint, it essentially granted reargument and adhered to its prior decision, since it addressed the merits of the additional alleged statutory violations and found them inapplicable (*see Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814, 816 n 1 [2006]). The order is thus appealable to this Court as of right (*see* CPLR 5701 [a] [2] [viii]).

We modify the court's order adhering to its prior decision by reinstating the General Municipal Law § 205-e cause of action

and granting plaintiffs leave to serve an amended complaint or a supplemental bill of particulars, and otherwise affirm the dismissal of the common-law negligence claims and the denial of plaintiffs' motion for summary judgment on the issue of liability. The court properly found that the firefighter's rule bars plaintiffs' common-law negligence claims since Foley tripped and fell while performing her duties as a police officer (*see Simons v City of New York*, 252 AD2d 451 [1998]). However, the section 205-e claim should be reinstated because their belated identification of several sections of the Administrative Code "entails no new factual allegations, raises no new theories of liability, and has caused no prejudice to defendant" (*Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 232-233 [2000]; *see also Balsamo v City of New York*, 287 AD2d 22, 27 [2001]). Contrary to the motion court's finding, sections 27-736 and 27-381 of the Code, which require the City to maintain illumination in a building's exits and stairways, are applicable. In light of the policy that General Municipal Law § 205-e causes of action should be applied " 'expansively' so as to favor recovery by police officers whenever possible" (*Williams v City of New York*, 2 NY3d 352, 364 [2004]), plaintiffs are granted leave to serve an amended complaint or a supplemental bill of particulars to assert the additional applicable sections of the Code (*see* CPLR 3025 [b]; 3043 [c]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.