STEPHEN G. FISHER, JR., et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and THIRTY EAST 30TH STREET, LLC, et al., Respondents, et al., Defendants. [851 NYS2d 497]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered January 23, 2007, which, inter alia, in effect granted plaintiffs leave to amend their complaint so as to allege violations of 29 CFR 1910.134 (g) as statutory predicates in support of their General Municipal Law § 205-a cause of action, otherwise granted that branch of the City's motion for summary judgment dismissing the complaint, and denied that branch of the City's motion for summary judgment dismissing the cross claims for indemnification asserted by defendants property owner, managing agent and occupant (the hotel defendants), unanimously affirmed, without costs.

The motion court correctly concluded that the statutory and regulatory provisions relied on by plaintiff firefighter as predicates for his claim under the "firefighter rule" (General

Municipal Law § 205-a) are inapplicable, or that the record does not raise any triable issues of fact as to the violation of those provisions. Specifically, Labor Law § 27-a is inapplicable because plaintiff's respiratory injury, which was caused when a loose screw on his respirator's face mask suddenly gave way, allowing a head strap to release and resulting in his inhalation of smoke at a fire scene inside defendant hotel, did not arise from a recognized hazard in the workplace. The relevance of federal OSHA regulation 29 CFR 1910.133, concerning "eye and face protection," to plaintiff's respiratory injury, is not apparent, and plaintiff's argument that the City failed to provide necessary protective equipment, i.e., a functional respirator, and to properly train him in its inspection and maintenance, as required by 29 CFR 1910.132, is refuted by the record, including plaintiff's deposition testimony indicating that he received extensive training in these areas. Nor is there evidence that any negligence by the City in issuing or inspecting plaintiff's face mask contributed to plaintiff's injury (see *Lustenring v 98-100 Realty*, 1 AD3d 574, 578 [2003], *lv dismissed and denied* 2 NY3d 791 [2004]; *Zvinys v Richfield Inv. Co.*, 25 AD3d 358 [2006], *lv denied* 7 NY3d 706 [2006]), where plaintiff testified that he inspected his face mask twice daily, found nothing wrong with it on the day it malfunctioned, and had put the mask on without incident on many occasions, and other testimony established that if a firefighter's inspection uncovered a defect in the gear, the firefighter was obligated to report the defect to a commanding officer so that the mask would be taken out of service. These same circumstances establish that there were no violations of the other OSHA regulations cited by plaintiff, namely, 29 CFR 1910.155 and 1910.156.

However, the motion court, properly conforming the pleadings to evidence that plaintiff was left alone at the fire scene for several minutes, and that an attempt to notify a superior of plaintiff's defective equipment did not generate a response, correctly sustained plaintiff's General Municipal Law § 205-a claim on the basis of violations of OSHA regulations not pleaded by plaintiff, namely, 29 CFR 1910.134 (g) (4) (i), (g) (2) (iii) and (g) (2) (ii) (B) (CPLR 3025 [c]). The City cannot claim surprise or prejudice where the opposition papers raised two of these regulations and the third regulation, raised by the motion court sua sponte, is closely related to the other two. Leave to amend the complaint is appropriate in these circumstances (*cf. Foley v City of New York*, 43 AD3d 702, 704 [2007]).

That branch of the City's motion seeking to dismiss the hotel defendants' indemnification claims was properly denied because,

although the City owed these defendants no duty, a basis for indemnification might exist if a jury were to find that the fire violation issued for a nonfunctioning standpipe in the premises was not a substantial factor in causing plaintiff's injury. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.