■ PIERETTE COLEMAN, Appellant, v LEONCIO MACLAS et al., Respondents. [877 NYS2d 297]—

Judgment, Supreme Court, Bronx County (Nelson S. Roman, J.), entered April 9, 2008, denying plaintiff's motion for partial summary judgment on the issue of liability, granting defendants' cross motion for summary judgment and dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice entered March 20, 2008, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, a passenger in a vehicle, seeks damages from defendants for injuries sustained in an accident in which that vehicle collided at an intersection with a vehicle driven by defendant Fresia Maclas.

The court properly denied plaintiff's motion for partial summary judgment. In support of her claim, plaintiff submitted her affidavit that was wholly conclusory as to defendants' negligence and failed to meet her prima facie burden establishing negligence on the part of defendants (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The motion court properly disregarded the uncertified police report and unauthenticated photographs as they were inadmissible hearsay (*see Figueroa v Luna*, 281 AD2d 204, 206 [2001]). Further, the affirmation by plaintiff's counsel, who had no personal knowledge of the accident, was not admissible evidence and, therefore, was insufficient to establish defendants' negligence (*see Johnson v Phillips*, 261 AD2d 269, 270-271 [1999]).

Defendants met their initial burden of establishing their entitlement to summary judgment by submitting evidence that defendant Fresia Maclas was confronted with an emergency (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326-327 [1991]). Fresia Maclas averred that she was confronted with an emergency situation when the vehicle in which plaintiff was a passenger veered into her lane of travel, leaving her with no

alternative but to move as far to the right as possible to avoid the collision, but was hampered in her efforts due to the location of a fence near her vehicle. In opposition, plaintiff failed to raise an issue of fact (*see Zuckerman*, 49 NY2d at 562).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ.