■ Antonia Christina Basilotta, Respondent, v Oren J. Warshavsky et al., Appellants. [937 NYS2d 161]—

Accepting the allegations in plaintiff's complaint as true and resolving all inferences in her favor, as we must in considering a motion to dismiss (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Benn v Benn*, 82 AD3d 548, 548 [2011]), this legal malpractice action accrued in California at the latest in November 2007, when plaintiff received defendants' letter unequivocally informing her that they were no longer representing her or prosecuting her underlying actions. Accordingly, under California's applicable one-year statute of limitations (Cal Civ Proc Code § 340.6 [a]), this action, commenced in February 2010, is time-barred.

Contrary to the motion court's finding, plaintiff's assertion that it was not until October 2009 that she discovered that

Radialchoice, the record company with whom she had held a recording contract, was involuntarily liquidated, did not raise an issue of fact as to whether this action is time-barred. Indeed, plaintiff's allegation was asserted only in her memorandum of law in opposition to the motion, not in her pleadings or any accompanying affidavit (*see Coppola v Applied Elec. Corp.*, 288 AD2d 41, 42 [2001]). Moreover, plaintiff's alleged discovery is simply an additional facet of the same nonfeasance of which, according to her complaint, she had been aware since November 2007; thus, it does not constitute a separate wrongful act or omission for statute of limitations purposes (*see Peregrine Funding, Inc. v Sheppard Mullin Richter & Hampton LLP*, 133 Cal App 4th 658, 685, 35 Cal Rptr 3d 31, 51 [2005]).

Lastly, plaintiff's allegations support the conclusion that she had inquiry notice of defendants' alleged nonfeasance more than one year before commencing this action. Indeed, since January 2007, when plaintiff obtained her case files and observed that defendants had performed very little work on her underlying cases, she should have discovered, through the use of reasonable diligence, the facts supporting liability, including the fact that Radialchoice had been involuntary liquidated (*see McGee v Weinberg*, 97 Cal App 3d 798, 803, 159 Cal Rptr 86, 89-90 [1979]). Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 32185(U).]**