Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 26, 2014, which, to the extent appealed from as limited by the briefs, denied defendants’ motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
In this putative class action lawsuit alleging deceptive practices by defendants that prevented plaintiffs from being able to use their timeshare units for their stated purpose, a vacation accommodation experience, the IAS court denied defendants’ motion to dismiss, and credited plaintiffs’ allegation that defendants rented up to 96% of the available units to the general public, thus preventing plaintiff owners from reserving accommodations. This was error, as plaintiffs made this contention not in their complaint or in an affidavit opposing the motion to dismiss, but in their memorandum of law opposing the motion to dismiss (see Basilotta v Warshavsky, 91 AD3d 460 [1st Dept 2012]). Moreover, the allegation is based on an apparent misreading of the documents submitted by defendants in support of their motion to dismiss.
*586 We find that plaintiffs’ other claims are similarly deficient, as they are conclusory and speculative at best (see e.g. Sheppard v Manhattan Club Timeshare Assn., Inc., 2012 WL 1890388, 2012 US Dist LEXIS 72902 [SD NY, May 23, 2012, No. 11-Civ-4362 (PKC)]; Smith v Manhattan Club Timeshare Assn., Inc., 944 F Supp 2d 244, 249 [SD NY 2013]). Moreover, the key deceptive practice alleged, that defendants would rent a portion of the unused accommodations to the general public, was plainly disclosed to plaintiffs in the offering documents.
We have considered the remaining arguments and find them unavailing.
Concur—Tom, J.P, Moskowitz, DeGrasse, ManzanetDaniels and Clark, JJ.