(June 16, 2015)

■ EUGENE STOLOWSKI et al., Respondents, v 234 EAST 178TH STREET LLC, Respondent, and CITY OF NEW YORK, Appellant. [12 NYS3d 28]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 27, 2013, which denied defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously modified, on the law, to dismiss that portion of the General Municipal Law § 205-a claims that are predicated on alleged violations of 29 CFR 1910.134 (g) (4), the common-law negligence claims to the extent they are barred by the firefighter rule, any claim of improper building inspection, any spousal derivative claims, and the cross claim seeking contribution to the extent it is based on General Municipal Law § 205-a, and otherwise affirmed, without costs.

The motion court properly declined to dismiss the portion of plaintiffs' General Municipal Law § 205-a claims predicated on an alleged violation of Labor Law § 27-a (3) (a) (1). The City unavailingly contends that Labor Law § 27-a (3) (a) (1) cannot provide a valid predicate for any General Municipal Law § 205-a claim. However, the statute, known as the Public Employee Safety and Health Act (PESHA), which imposes a general duty on an employer to provide employees with "employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees" (Labor Law § 27-a [3] [a] [1]), is sufficient since it is "a requirement found in a well-developed body of law and regulation that imposes clear duties" (*Williams v City of New York*, 2 NY3d 352, 364 [2004]; *see also Fisher v City of New York*, 48 AD3d 303 [1st Dept 2008]).

Moreover, the City failed to "show either that it did not negligently violate any relevant government provision or that, if it did, the violation did not directly or indirectly cause plaintiff's injuries" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 82 [2003]). There is evidence, including testimony and an investigative report, that the failure to issue personal ropes to the firefighters contributed to the injuries and deaths suffered when the firefighters jumped from windows using either no safety devices or a single rope that had been independently purchased by one of the firefighters. The City is also not entitled to dismissal of these claims pursuant to governmental function immunity, since the evidence concerning the removal of existing personal ropes in 2000, and the failure to provide new ropes in the period of more than four years from then until the fire giving rise to these claims, raises issues of fact concerning whether the absence of ropes "actually resulted from discretionary decision-making—i.e., the exercise of reasoned judgment which could typically produce different acceptable results" (*see Valdez v City of New York*, 18 NY3d 69, 79-80 [2011] [internal quotation marks omitted]).

Contrary to the City's argument, plaintiffs pleaded the alleged PESHA violations in their complaints. We do not consider the City's argument that the investigative report is inadmissible, which was improperly raised for the first time in its reply brief.

However, the City established its entitlement to dismissal of that portion of the General Municipal Law § 205-a claims that is based on alleged violations of 29 CFR 1910.134 (g) (4).

Regardless of whether that regulation was breached, plaintiffs and the building owner failed to raise an issue of fact as to the causal link between the alleged violation and the fate that befell plaintiffs.

The common-law negligence claims, to the extent they are not barred by the firefighter rule, any claim alleging improper building inspection, the spousal derivative claims, and the cross claim seeking contribution to the extent it is based on General Municipal Law § 205-a, are deemed abandoned. Concur—Mazzarelli, J.P., Acosta, Richter and Clark, JJ.

The decision and order of this Court entered herein on March 3, 2015 (126 AD3d 403 [2015]) is hereby recalled and vacated (*see* 2015 NY Slip Op 76288[U] [2015] [decided simultaneously herewith]).