Lisa Rosado, Plaintiff-Respondent,
against
Suffolk County Public Administrator as Administrator of the Estate of deceased defendant Mario Penalillo, Defendant-Respondent, - and - Clara Lorenzo and Luis V. Caussade, Defendants-Appellants.



Defendants Clara Lorenzo and Luis V. Caussade appeal from an order of the Civil Court of the City of New York, Bronx County (Donald A. Miles, J.) entered July 8, 2015, which denied their cross motion for summary judgment dismissing the complaint and all cross claims.




Per Curiam.
Order (Donald A. Miles, J.) entered July 8, 2015, reversed, with $10 costs, the cross motion by defendants Clara Lorenzo and Luis V. Caussade for summary judgment dismissing the complaint and all cross claims asserted against them granted. The Clerk is directed to enter judgment accordingly.
Defendant-appellant driver Caussade's deposition testimony was uncontroverted that, while operating the vehicle owned by defendant-appellant Lorenzo, he entered the intersection when the traffic light turned green and a few seconds later his vehicle was struck on the left side by a vehicle that had entered the intersection against a red light. Caussade, who averred that he was driving below the speed limit, testified that he did not see the other vehicle until the moment of collision. Thus, the defendants-appellants established a prima facie showing of entitlement to summary judgment as to liability, since Caussade, who had the right-of-way, was entitled to anticipate that other vehicles would stop at the red light against them, and Caussade had no duty to watch for and avoid one that failed to do so (see Uribe v Pronto Gas Heating Supplies, Inc., 129 AD3d 509 [2015]; Tiefenthaler v Islam, 66 AD3d 588 [2009]).
In opposition, plaintiff, a passenger in the vehicle driven by Caussade, and codefendant [*2]Penalillo, the driver of the alleged offending vehicle, failed to raise any issue of fact. Plaintiff had no recollection of the accident, and Penalillo, who is now deceased, never testified at deposition or submitted any affidavit.
The police accident report should have been disregarded because it was not certified (see Coleman v Maclas, 61 AD3d 569 [2009]), and the conclusions therein were based solely upon hearsay statements to the responding officer, who did not witness the accident (see Raposo v Robinson, 106 AD3d 593 [2013]). While hearsay statements may be used to oppose a summary judgment motion, such evidence is insufficient to warrant denial of the motion where it is the only evidence submitted in opposition (see Rivera v GT Acquisition 1 Corp., 72 AD3d 525 [2010]). Here, the hearsay report was the only evidence in support of the disputed claim that the moving defendant Caussade was negligent (see Weinstein v Nicolosi, 117 AD3d 1036 [2014]) and plaintiff's speculation concerning what Caussade might have been able to do to avoid the accident is insufficient to raise an issue of fact (see Uribe v Pronto Gas Heating Supplies, Inc., supra).
In view of the foregoing, we need not address defendants' alternative argument concerning whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102[d] as a result of the subject accident.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2016