76th & Broadway, LLC v Consolidated Edison Co. of N.Y., Inc. (2019 NY Slip Op 00671)





76th & Broadway, LLC v Consolidated Edison Co. of N.Y., Inc.


2019 NY Slip Op 00671


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


452935/14 8261 8260

[*1]76th and Broadway, LLC, et al., Plaintiffs-Respondents,
v
Consolidated Edison Company of New York, Inc., Defendant, General Glass & Metal, LLC, Defendant-Appellant. [And a Third-Party Action]


Sweetbaum & Sweetbaum, Lake Success (Marshall D. Sweetbaum of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Sean M. Prendergast of counsel), for respondents.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered March 14, 2018, dismissing third-party defendant General Glass & Metal LLC's (General Glass) third-party answer, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 29, 2017, which, upon granting General Glass's CPLR 2221(a) motion to reconsider a prior order granting third-party plaintiffs' motion to strike the third-party answer, and denying dismissal of the third-party complaint, adhered to its original decision, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Although denominated a motion to "modify," General Glass's motion below actually sought reargument (see CPLR 2221[a]; Foley v Roche, 68 AD2d 558, 567-568 [1st Dept 1979]). While the denial of a motion to reargue is generally not appealable, the motion court addressed the merits of the motion at oral argument. Accordingly, we treat the order as having granted reargument, and adhering to the original decision, making it appealable (see Lipsky v Manhattan Plaza, Inc., 103 AD3d 418 [1st Dept 2013]; Foley v City of New York, 43 AD3d 702, 703 [1st Dept 2007]).
Supreme Court providently exercised its discretion in striking General Glass's answer, as the record established its failure to comply with four court orders requiring it to appear for deposition (see McHugh v City of New York, 150 AD3d 561, 562 [1st Dept 2017]). Contrary to General Glass's argument, the record does not establish that it was unable to locate a witness with knowledge, but rather indicates that its president wilfully refused to comply with the court's mandates.
The court also properly adhered to its decision to deny General Glass's motion for summary dismissal of the third-party complaint, as the Workers' Compensation Law does not preclude third-party plaintiffs from seeking to enforce contractually-based obligations to indemnify and to provide insurance coverage (see Spieger v Gerken Bldg. Corp., 35 AD3d 715, 717 [2d Dept 2006]).
We have considered General Glass's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK