Beauvoir v Samuel (2022 NY Slip Op 02385)

Beauvoir v Samuel

2022 NY Slip Op 02385

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-09995
 (Index No. 520509/18)

[*1]Nadege Beauvoir, appellant, 
v
Toribip Samuel, et al., respondents.

Subin Associates, LLP (Robert J. Eisen and Pollack Pollack Isaac & DeCicco LLP, New York, NY [Brian J. Isaac and Greg Freeman], of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated July 26, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On January 23, 2017, the plaintiff allegedly sustained personal injuries when a vehicle that she was operating was struck in the rear by a vehicle operated by the defendant Toribip Samuel and owned by the defendant Green Oil Recycling, Inc. (hereinafter Green Oil). Prior to the completion of discovery and before party depositions had occurred, the plaintiff moved for summary judgment on the issue of liability. In support of her motion, the plaintiff submitted only her own conclusory affidavit in which she averred that she was driving a vehicle westbound on Bergen Street in Brooklyn when a vehicle "which [she] later learned" to be operated by Samuel and owned by Green Oil struck her vehicle in the rear. In an order dated July 26, 2019, the Supreme Court denied the motion. The plaintiff appeals, and we affirm.
"A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden" on a motion for summary judgment (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385; see Vermette v Kenworth Truck Co., 68 NY2d 714; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 201; McGinley v Mystic W. Realty Corp., 117 AD3d 504; Coleman v Maclas, 61 AD3d 569, 569). Here, the plaintiff's conclusory affidavit, which was based upon unidentified sources, was insufficient to establish, prima facie, that a vehicle operated by Samuel and owned by Green Oil struck her vehicle in the rear.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court