Zeldin v Larose (2024 NY Slip Op 00336)

Zeldin v Larose

2024 NY Slip Op 00336

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-05896
 (Index No. 518813/19)

[*1]Inessa Zeldin, appellant, 
v
Hermann Larose, et al., respondents, et al., defendants.

William Pager, Brooklyn, NY, for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Daniel Glattman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated June 15, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Hermann Larose and Brothers Mobility, LLC.
ORDERED that the order is affirmed, with costs.
This action arises from a chain-reaction collision involving five vehicles. The plaintiff, who was operating a vehicle directly behind the lead vehicle, commenced this personal injury action against, among others, the alleged operator of the rearmost vehicle, the defendant Hermann Larose, and the alleged owner of the rearmost vehicle, the defendant Brothers Mobility, LLC (hereinafter Brothers Mobility). The plaintiff moved for summary judgment on the issue of liability against Larose and Brothers Mobility, arguing that Larose's inability to stop his vehicle in time caused the chain-reaction accident. In support of her motion, the plaintiff submitted an uncertified police accident report and her own affidavit. In an order dated June 15, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "'A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden' on a motion for summary judgment" (Beauvoir v Samuel, 204 AD3d 741, 742, quoting JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385).
Here, the plaintiff's conclusory affidavit, which was based upon unidentified sources, was insufficient to establish, prima facie, that a vehicle operated by Larose and owned by Brothers Mobility proximately caused the plaintiff's injuries (see Beauvoir v Samuel, 204 AD3d at 742). The plaintiff did not know how the accident occurred and merely averred that she learned from unidentified sources that there were three vehicles directly behind her that were involved in the same [*2]collision. The uncertified police accident report submitted in support of the motion was not in admissible form (see Yassin v Blackman, 188 AD3d 62, 65). The certified police accident report submitted later with the plaintiff's reply papers must be rejected because it sought to remedy basic deficiencies in her original motion papers rather than respond to arguments contained in the opposition papers of Larose and Brothers Mobility (see Jaklitsch v Kelly, 176 AD3d 792, 793).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability against Larose and Brothers Mobility without regard to the sufficiency of their opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court