Brodie v Board of Mgrs. of the Aldyn (2024 NY Slip Op 02138)

Brodie v Board of Mgrs. of the Aldyn

2024 NY Slip Op 02138

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Index No. 652081/22 Appeal No. 1928-1929 Case No. 2023-02607, 2023-03231 

[*1]Stefan Brodie et al., Plaintiffs-Appellants,
v
Board of Managers of the Aldyn et al., Defendants-Respondents, "John Does" #1 through #10, Defendants. Seyfarth Shaw LLP, Nonparty Respondent.

Kasowitz Benson Torres LLP, New York (Leonard A. Feiwus of counsel), for appellants.
Abrams Garfinkel Margolis & Bergson, LLP, New York (Barry G. Margolis of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered December 21, 2022, which to the extent appealed from as limited by the briefs, granted defendants' application for a declaration that plaintiffs were not allowed to perform the remaining renovation work on their apartment without paying the applicable fines, and clarified that its prior order, entered on or about June 24, 2022, had nullified any fines and fees assessed in connection with the renovation work during the period from June 24, 2022 through November 30, 2022 and order, same court and Justice, entered June 16, 2023, which, in effect, granted plaintiffs' motion for reargument, and upon reargument, adhered to its prior determination, unanimously modified, on the law, to vacate the declaration and to remit the issue of fines assessed from February 1, 2022 through June 24, 2022 for further consideration, and otherwise affirmed, without costs.
As a threshold matter, we reject defendants' arguments that the court's grant of declaratory relief is not appealable as of right allegedly because it was not an order deciding a motion made upon notice, and that the order denying plaintiffs' motion to reargue is not appealable as a matter of law. Although the court ostensibly denied plaintiffs' motion for reargument, by addressing the merits of plaintiffs' contentions it essentially granted reargument and adhered to its prior order. Therefore, the court's denial of plaintiffs' motion to reargue the prior order is appealable as of right (see Foley v City of New York, 43 AD3d 702, 703 [1st Dept 2007]). Consequently, the prior order, to the extent it granted relief not requested in a motion made on notice (i.e., declaratory relief), is appealable as of right (see CPLR 5701[a][3]).
As to the merits, the court should not have granted defendants' letter application for declaratory relief. Counsel for each party submitted letters to the court with attached exhibits, namely photographs purporting to show varying stages of completion of the renovation work as of the completion deadline and an architect's report claiming that the work was substantially complete. The photographs were unauthenticated, and the report was uncertified. Nevertheless, the court granted defendants' request for declaratory relief based on these exhibits. While an affirmation of counsel may "serve as the vehicle for submission of acceptable attachments which . . . provide 'evidentiary proof in admissible form'" (Zuckerman v City of New York, 49 NY2d 557, 563 [1980]), such an affirmation is not a vehicle to admit inadmissible hearsay such as uncertified reports or unauthenticated photographs (see Coleman v Maclas, 61 AD3d 569, 569 [1st Dept 2009]). Accordingly, the parties' unauthenticated photographs and the uncertified architect's report, accompanied not by affirmations of counsel, but by unsworn letter, lacked evidentiary value and should have been disregarded (see id.).
Moreover, the court should have disregarded [*2]the letters themselves. Counsel's arguments set forth in unsworn letters are not evidence and should not be considered as such (see Bisk v Manhattan Club Timeshare Assn., Inc., 118 AD3d 585, 585 [1st Dept 2014]; Basilotta v Warshavsky, 91 AD3d 460, 461 [1st Dept 2012]).
Additionally, we find that plaintiffs' prior motion sought nullification of fines assessed by defendants. Plaintiffs moved by order to show cause to vacate a lien recorded by defendants. The lien was allegedly based in part on fines imposed by defendants from February 1, 2022 through August 1, 2022. Plaintiffs' challenge of the lien necessarily included a challenge to the validity of the related fines (see e.g. Weiss v Bretton Woods Condominium II, 151 AD3d 905, 905-906 [2d Dept 2017]).
Furthermore, we agree with plaintiffs that the court's prior order did not fully address the issue of fines. Therefore, this matter is remitted to Supreme Court to consider the validity of all fines assessed pursuant to the parties' alteration agreement before the required completion date, November 30, 2022.
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024