Felle v Maxaner (2024 NY Slip Op 05959)

Felle v Maxaner

2024 NY Slip Op 05959

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-00315
 (Index No. 710195/22)

[*1]Joseph F. Felle, respondent, 
v
Deborah Maxaner, appellant.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellant.
Holihan & Associates, P.C., Richmond Hill, NY (Stephen Holihan and Justin Hoitsma of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered December 20, 2023. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
The plaintiff commenced this action to recover damages for injury to property allegedly sustained when the defendant's vehicle struck a brick wall and fence located on the plaintiff's property. The plaintiff moved for summary judgment on the issue of liability. In an order entered December 20, 2023, the Supreme Court granted the motion. The defendant appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "'A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden' on a motion for summary judgment" (Beauvoir v Samuel, 204 AD3d 741, 742, quoting JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385; see Yan Ping Xu v Van Zwienen, 212 AD3d 872, 873-874).
Here, the plaintiff's conclusory affidavit, which failed to set forth whether he had firsthand knowledge of the event, was insufficient to establish, prima facie, that a vehicle operated by the defendant struck a brick wall and fence located on the plaintiff's property (see Zeldin v Larose, 223 AD3d 858; Beauvoir v Samuel, 204 AD3d at 742). The uncertified police accident report submitted in support of the plaintiff's motion was not admissible (see Zeldin v Larose, 223 AD3d at 859; Yassin v Blackman, 188 AD3d 62, 65).
Since the plaintiff failed to meet his initial burden as the movant, the Supreme Court should have denied his motion for summary judgment on the issue of liability without regard to the [*2]sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med, Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is without merit.
Accordingly, we reverse the order and deny the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court