Valerio v City of New York (2025 NY Slip Op 02957)

Valerio v City of New York

2025 NY Slip Op 02957

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-07767
 (Index No. 511700/19)

[*1]Wanda Valerio, plaintiff-respondent, 
v
City of New York, et al., appellants, Leon Brent, Jr., defendant- respondent.

Black Marjieh & Sanford LLP, Elmsford, NY (Sheryl A. Sanford of counsel), for appellants City of New York and Help, USA.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Scott I. Gurtman and Ellen Manning Atwell of counsel), for appellants BRP L2, LLC, and BRP Construction Group, LLC.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson and Edward M. Tobin of counsel), for appellant Apex Skyline Construction, LLC.
James G. Bilello, Melville, NY (Alina Vengerov and Eric Weiss of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Apex Skyline Construction, LLC, appeals, the defendants BRP L2, LLC, and BRP Construction Group, LLC, separately appeal, and the defendants City of New York and Help, USA, separately appeal, from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated June 15, 2023. The order, insofar as appealed from by the defendant Apex Skyline Construction, LLC, and the defendants BRP L2, LLC, and BRP Construction Group, LLC, granted those branches of the motion of the defendant Leon Brent, Jr., which were for summary judgment dismissing the complaint and the cross-claims asserted by those defendants insofar as asserted against him. The order, insofar as appealed from by the defendants City of New York and Help, USA, granted those branches of the motion of the defendant Leon Brent, Jr., which were for summary judgment dismissing the complaint and the cross-claims asserted by those defendants insofar as asserted against him, and denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the appeals by the defendant Apex Skyline Construction, LLC, the defendants BRP L2, LLC, and BRP Construction Group, LLC, and the defendants City of New York and Help, USA, from so much of the order as granted that branch of the motion of defendant Leon Brent, Jr., which was for summary judgment dismissing the complaint insofar as asserted against him are dismissed; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Leon Brent, Jr., which was for summary [*2]judgment dismissing all cross-claims insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the appellants appearing separately and filing separate briefs, payable by the defendant Leon Brent, Jr.
The underlying facts of this appeal are set forth in our decision and order on a related appeal (see Valerio v City of New York, ___ AD3d ___ [Appellate Division Docket No. 2023-00299; decided herewith]). As relevant here, the defendant Leon Brent, Jr., moved, inter alia, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him, and the defendants City of New York and Help, USA (hereinafter together the Help defendants), moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order dated June 15, 2023, the Supreme Court, among other things, granted those branches of Brent's motion and denied the Help defendants' motion. The defendant Apex Skyline Construction, LLC (hereinafter Apex), the defendants BRP L2, LLC, and BRP Construction Group, LLC (hereinafter together the BRP defendants), and the Help defendants separately appeal.
The appeals by Apex, the BRP defendants, and the Help defendants from so much of the order as granted that branch of Brent's motion which was for summary judgment dismissing the complaint insofar as asserted against him must be dismissed on the ground that Apex, the BRP defendants, and the Help defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).
The Supreme Court erred in granting that branch of Brent's motion which was for summary judgment dismissing the cross-claims of Apex, the BRP defendants, and the Help defendants insofar as asserted against him. "'[S]ince there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from . . . fault as a matter of law'" (Houston v McQuiller, 232 AD3d 732, 735, quoting Valdez v MTA Bus Co., 210 AD3d 819, 821; see Boulos v Lerner-Harrington, 124 AD3d 709, 709). Here, Brent's submissions presented triable issues of fact as to whether he failed to see what there was to be seen through the proper use of his senses (see Crist v Rosenberger, 219 AD3d 569, 571) and whether his negligent conduct in failing to yield the right-of-way to the plaintiff at the intersection was a proximate cause of the accident (see Vehicle and Traffic Law § 1111[a][1]; Lieb v Jacobson, 202 AD3d 1072, 1073). Accordingly, the court should have denied that branch of Brent's motion which was for summary judgment dismissing all cross-claims insofar as asserted against him without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied the Help defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. "'A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden on a motion for summary judgment'" (Zeldin v Larose, 223 AD3d 858, 858 [internal quotation marks omitted], quoting Beauvoir v Samuel, 204 AD3d 741, 742). Here, the Help defendants' submissions, which included a conclusory affidavit based upon information outside of the affiant's personal knowledge, failed to establish, prima facie, that they were not at fault in the happening of the accident (see Zuckerman v City of New York, 49 NY2d 557, 563; Beauvoir v Samuel, 204 AD3d at 742).
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court