Kacki v 56th & Park (NY) Owner, LLC (2025 NY Slip Op 05800)

Kacki v 56th & Park (NY) Owner, LLC

2025 NY Slip Op 05800

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-06470
 (Index No. 707071/16)

[*1]Jerzy Kacki, appellant, 
v
56th and Park (NY) Owner, LLC, et al., respondents.

Buitrago & Associates, PLLC (Marcelo A. Buitrago and Simon Q. Ramone, White Plains, NY, of counsel), for appellant.
Malapero Prisco & Klauber, LLP, New York, NY (Francis B. Mann, Jr., of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lance Evans, J.), entered July 27, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion pursuant to CPLR 3126 to preclude the defendants from relying upon certain evidence that was not disclosed during discovery in support of their motion and at trial, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants, and pursuant to CPLR 8303-a for an award of attorneys' fees and costs.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he alleged that he sustained when he tripped and fell on an uneven patch of broken sidewalk abutting certain real property located in Manhattan (hereinafter the subject premises), which the defendant 56th and Park (NY) Owner, LLC, has admitted that it owns. The defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved pursuant to CPLR 3126 to preclude the defendants from relying upon certain evidence, including affidavits, safety logs, and photographs, that was not disclosed during discovery in support of their motion and at trial, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants, and pursuant to CPLR 8303-a for an award of attorneys' fees and costs. In an order entered July 27, 2022, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
Under Administrative Code of the City of New York § 7-210(a), generally, it is "the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." Section 7-210 "'does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable'" (Tamrazyan v 379 Ocean Parkway, LLC, 232 AD3d 736, 737, quoting Muhammad [*2]v St. Rose of Limas R.C. Church, 163 AD3d 693, 693). A defendant may demonstrate its entitlement to judgment as a matter of law dismissing a cause of action predicated upon a violation of section 7-210 by establishing, prima facie, that the defendant neither created the condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of the condition (see Marinis v Loschiavo, 232 AD3d 874, 875; Gambino v 475 Park Ave. S., LLC, 197 AD3d 621, 622-623). "To meet its initial burden on the issue of lack of constructive notice of an alleged dangerous condition, a defendant must offer evidence as to when the subject area was last inspected relative to the time when the incident occurred" (Wendy-Geslin v Oil Doctors, 226 AD3d 727, 730; see Fortune v Western Beef, Inc., 178 AD3d 671, 672).
Contrary to the Supreme Court's determination, the defendants failed to demonstrate, prima facie, that they did not create the allegedly dangerous condition in the sidewalk or have actual or constructive notice of its existence. "[A] motion for summary judgment must be accompanied by an affidavit of a person having knowledge of the facts" (Reich v 559 St. Johns Pl, LLC, 204 AD3d 850, 852; see CPLR 3212[b]). "'A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden' on a motion for summary judgment" (Beauvoir v Samuel, 204 AD3d 741, 742, quoting JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385; see Felle v Maxaner, 232 AD3d 853, 854; Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874). Here, the defendants relied upon affidavits of nonparties engaged in monitoring the construction of a building at the subject premises at the time of the accident, along with safety logs recording daily inspections of the accident site. The affidavits did not reflect that the affiants had any personal knowledge of what the defendants knew, and, therefore, the affidavits were insufficient to establish, prima facie, that the defendants had actual knowledge of the alleged defective condition, and otherwise failed to establish that the defendants created the defect or had constructive knowledge of it (see Felle v Maxaner, 232 AD3d at 854; Beauvoir v Samuel, 204 AD3d at 742; see also Muslar v Hall, 214 AD3d 77, 81).
Moreover, contrary to the defendants' contention, the defendants also failed to establish, prima facie, that the defendant 56th and Park (NY) Holdings (hereinafter Holdings) owed no duty of care to the plaintiff. A nonparty affidavit that stated in a conclusory fashion that Holdings did not own, manage, control, or supervise the subject premises failed to demonstrate that the affiant was competent to testify to those facts based upon his own personal knowledge (see CPLR 3212[b]; Felle v Maxaner, 232 AD3d at 854; Beauvoir v Samuel, 204 AD3d at 742).
The defendants' remaining contention in support of their motion was also without merit. Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
However, the Supreme Court properly denied the plaintiff's cross-motion. When a party "wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to [CPLR article 31], the court may make such orders with regard to the failure or refusal as are just" (CPLR 3126). "Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, 172 AD3d 845, 847; see Bouri v Jackson, 177 AD3d 947, 949). "Before a court invokes the drastic remedies of striking a pleading or precluding evidence based on the failure to provide court-ordered discovery, there must be a clear showing that the failure was willful and contumacious" (Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, 172 AD3d at 847; see Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 770). Here, under the totality of the circumstances, the court providently exercised its discretion in denying that branch of the plaintiff's cross-motion which was pursuant to CPLR 3126 to preclude the defendants from relying upon certain evidence that was not disclosed during discovery in support of their motion and at trial. Moreover, contrary to the plaintiff's contention, the defendants' conduct in this action was not frivolous (see CPLR 8303-a; 22 NYCRR 130-1.1).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court