Sakkas v Pearl Ct. Props., LLC
2026 NY Slip Op 03837
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Evagelos Sakkas, respondent,
v
Pearl Court Properties, LLC, appellant, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-00882, (Index No. 511399/23)
Colleen D. Duffy, J.P.
Paul Wooten
Laurence L. Love
Phillip Hom, JJ.

Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for appellant.
Cyruli Shanks & Zizmor LLP, New York, NY (Richard A. Gilbert of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Pearl Court Properties, LLC, appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated August 7, 2024. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Pearl Court Properties, LLC (hereinafter the defendant), and another party, to recover damages for personal injuries the plaintiff alleged he sustained in August 2022 when he tripped and fell on uneven pavers located within a tree well abutting property owned by the defendant. Prior to the completion of discovery and before party depositions had occurred, the defendant moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In support of its motion, the defendant submitted, inter alia, the affidavit of its property manager in which he averred, among other things, that the defendant did not maintain the tree well, nor did the defendant install the allegedly defective pavers. The plaintiff opposed the motion. In an order dated August 7, 2024, the Supreme Court denied the defendant's motion. The defendant appeals. We affirm.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner" (Marcano v City of New York, 224 AD3d 829, 830 [internal quotation marks omitted]; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521). "However, section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (Carmona v Preston, 231 AD3d 703, 704 [internal quotation marks omitted]; see Vucetovic v Epsom Downs, Inc., 10 NY3d at 521). "Thus, liability may be imposed on the abutting landowner in such instances only where she or he has affirmatively created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area" (Marcano v City of New York, 224 AD3d at 830 [internal quotation marks omitted]; see Brown v 1133 E., LLC, 236 AD3d 851, 852).
"'A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden' on a motion for summary judgment" (Beauvoir v Samuel, 204 AD3d 741, 742, quoting JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385). Here, the defendant's affiant failed to establish the source of his knowledge and, thus, his affidavit, without more, was insufficient to establish, prima facie, that the defendant did not create the allegedly dangerous condition. Moreover, as argued by the plaintiff in opposition to the motion, since depositions of the parties have not been conducted, information concerning whether the defendant created the allegedly dangerous condition may be within its exclusive knowledge. Therefore, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it as premature (see Evangelista v Kambanis, 74 AD3d 1278, 1279).
DUFFY, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court