YEHUDA RAPAPORT et al., Appellants, v SEARS, ROEBUCK AND Co., Respondent. [812 NYS2d 642]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 28, 2004, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated November 12, 2004, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The injured plaintiff sustained serious injuries when he lost control of his bicycle while riding down a hill and was thrown from the bicycle onto a parked car. He purchased the bicycle from the defendant Sears, Roebuck and Co., two months earlier, and alleged that the defendant's improper assembly of the bicycle caused the accident.

The defendant satisfied its prima facie burden by presenting evidence, via an expert report, indicating that the bicycle's handlebar stem was secured tightly and in proper working order at the time of the accident. However, in opposition, the

plaintiffs presented evidence sufficient to raise a triable issue of fact. The plaintiffs' expert concluded that the loose handlebar, which was not properly secured, caused the injured plaintiff to lose control of the bicycle, as evidenced by the fact that it could rotate in his hand (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *see also Negri v Stop & Shop,* 65 NY2d 625 [1985]; *Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774 [1984]). The competing expert opinions presented an issue of credibility for the trier of fact to determine (*see Gerard v Inglese,* 11 AD2d 381, 382 [1960]). Accordingly, summary judgment should have been denied.

The appellants' remaining contentions need not be reached in light of our determination. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.