■ SONIA BONILLA, Respondent, v P.A. VARGAS-NUNEZ, Respondent, and JESUS BRAVO et al., Appellants. [46 NYS3d 594]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered August 18, 2015, which, among other things, denied the branch of defendants-appellants' cross motion for summary judgment dismissing plaintiff's claims of a "permanent consequential" or "significant" limitation to her left shoulder

within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

The motion court correctly determined that in opposition to defendants' prima facie showing of the lack of a serious injury, plaintiff raised a triable issue of fact as to whether she sustained a permanent consequential or significant limitation to her left shoulder causally related to the parties' motor vehicle accident (*see Shinn v Catanzaro*, 1 AD3d 195, 197 [1st Dept 2003]). Plaintiff submitted evidence that she sought medical treatment for her shoulder shortly after the accident and that she received MRI testing on the shoulder approximately two months later, which is sufficient to show contemporaneous treatment (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]). The MRI revealed tears in the shoulder, and plaintiff's expert's examination revealed that, several years after the accident, plaintiff had limitations of motion in the shoulder, which the expert causally related to the accident (*see Kone v Rodriguez*, 107 AD3d 537, 538 [1st Dept 2013]).

If a trier of fact determines that plaintiff sustained a serious left shoulder injury, plaintiff is entitled to recover damages for all injuries causally related to the accident (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549-550 [1st Dept 2010]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.