Hobbs v MTA Bus Co. (2022 NY Slip Op 06999)

Hobbs v MTA Bus Co.

2022 NY Slip Op 06999

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 155887/17 Appeal No. 16826 Case No. 2021-02660 

[*1]Aja Hobbs, Plaintiff-Respondent,
v
MTA Bus Company et al., Defendants-Appellants, Hamza Intizar, Defendant-Respondent.

Marulli, Mannarino, Erichsen & Tomaszewski, LLP, New York (Samuel A. Messa of counsel), for appellants.
Zemsky & Salomon, P.C., Hempstead (Thomas G. Grogan of counsel), for AJA Hobbs, respondent.
Marjorie E. Bornes, Brooklyn, for Hamza Intizar, respondent.

Order, Supreme Court, New York County (Lisa A. Headley, J.), entered on or about June 5, 2021, which, to the extent appealed from as limited by the briefs, denied the cross motions of defendants MTA Bus Company and Giovanni Frusciante (MTA defendants) for summary judgment dismissing the complaint against them based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d) and on their lack of liability, and granted plaintiff's cross motion for partial summary judgment on the issue of the MTA defendants' liability, unanimously modified, on the law, to grant plaintiff's motion only to the extent of finding no culpable conduct by plaintiff on the issue of liability and to vacate the finding of liability against the MTA defendants, and otherwise affirmed, without costs.
Plaintiff alleges that she sustained injuries to her right hand as the result of a collision between the MTA bus in which she was a passenger and a taxicab driven by defendant Hamza Intizar. MTA defendants demonstrated prima facie that plaintiff did not sustain a serious injury to her right hand by submitting the report of their orthopedic surgeon who opined that plaintiff had normal range of motion and no objective evidence of injury or disability causally related to the accident (see Acevedo v Grayline N.Y. Tours, Inc., 204 AD3d 597, 598 [1st Dept 2022]; Marcelo v Fabius, 195 AD3d 472 [1st Dept 2021]). In opposition, plaintiff raised an issue of fact by submitting the report of her treating physician and another doctor who opined that she sustained injury requiring surgical treatment and had persisting meaningful limitations more than three years after the accident (see Bonilla v Vargas-Nunez, 147 AD3d 461, 462 [1st Dept 2017]; Kone v Rodriguez, 107 AD3d 537, 538 [1st Dept 2013]). To the extent defendants' radiologist found that plaintiff's MRIs showed an incidental degenerative condition, plaintiff's physicians raised an issue of fact by explaining the basis for their opinion that her injuries were causally related to the accident (see Montoya v Rosenberger, 176 AD3d 581 [1st Dept 2019]).
As for liability, there is no dispute that plaintiff established that she was an innocent passenger, who cannot be found at fault under any version of how the accident occurred, and therefore was properly granted partial summary judgment to the extent of finding that she was not culpable in connection with the accident (see Guzman v Desantis, 148 AD3d 580, 581 [1st Dept 2017]; Mello v Narco Cab Corp., 105 AD3d 634 [1st Dept 2013]). However, an "innocent passenger must still establish a defendant driver's liability under traditional principles of tort liability in order to prevail on the issue of liability against that driver" (see Campbell v Mincello, 184 AD3d 412 [1st Dept 2020]). Here, plaintiff's evidence did not demonstrate prima facie that defendant bus driver was at fault, because she submitted the bus driver's deposition testimony that Intizar suddenly attempted [*2]to make a U-turn in front of the bus and that the bus driver braked but was unable to avoid the collision. Two bus passengers similarly testified that Intizar's vehicle crossed in front of the bus, and one testified that he then "zoomed off" in the opposite direction on the two-way street. If the bus driver's testimony is accepted as true, then Intizar would be solely at fault for the accident because he created an emergency situation that the bus driver was unable to avoid (see Coleman v Maclas, 61 AD3d 569, 569 [1st Dept 2009]).
The MTA defendants also did not demonstrate entitlement to summary judgment dismissing the complaint as against them based on their lack of fault, because the record contains conflicting statements of the drivers concerning how the accident occurred, which raised an issue of fact as to their negligence (see Campbell v Mincello, supra). The MTA defendants submitted the police accident report and an MTA investigative report, which both contained statements by Intizar in which he attributed fault to the bus driver, claiming that his vehicle stalled while driving in front of the MTA bus, which then rear-ended him. The MTA defendants failed to object to consideration of the police accident report on hearsay grounds when plaintiff submitted it and then submitted it
themselves, thereby waiving any objection to the admissibility of that report (Cruz v Skeritt, 140 AD3d 554, 554 [1st Dept 2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022