Oputa v New York City Tr. Auth. (2023 NY Slip Op 02461)

Oputa v New York City Tr. Auth.

2023 NY Slip Op 02461

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 300661/14E Appeal No. 197 Case No. 2022-02863 

[*1]Aghogho H. Oputa, Plaintiff, Lyneth Beazer, Plaintiff-Appellant,
v
New York City Transit Authority et al., Defendants, S.L. Benfica Transportation, Inc., et al., Defendants-Respondents.

Mitchell Dranow, Sea Cliff, for appellant.
O'Connor Redd Orlando LLP, Port Chester (Michael P. Hess of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 19, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendants S.L. Benfica Transportation, Inc. and Eliezer Rivera (collectively defendants) for summary judgment dismissing plaintiff Lyneth Beazer's (plaintiff) claims of significant limitation of use and permanent consequential limitation of use of her left knee for lack of a serious injury within the meaning of Insurance Law § 5102(d), unanimously reversed, on the law, without costs, and the motion denied.
Defendants met their prima facie burden of showing that plaintiff did not suffer a serious injury to her left knee through their expert orthopedic surgeon's findings of normal range of motion and his opinion that plaintiff had fully recovered from her injuries (see e.g. Hobbs v MTA Bus Co., 211 AD3d 471, 472 [1st Dept 2022]; Ziehl v Chao Rui Zhu, 210 AD3d 612, 612 [1st Dept 2022]). Defendants also noted gaps in plaintiff's treatment. However, although their expert also stated that the type of meniscal injury plaintiff sustained is typically caused by a twist, he did not opine that the injury could not have been caused by the accident, and thus his opinion was insufficient to establish a lack of causation (see Hoffman v Taubel, 208 AD3d 1099, 1100 [1st Dept 2022]).
In opposition, plaintiff raised an issue of fact through her treating orthopedic surgeon's affirmation and affirmed medical records that her left knee injury required surgery, that he observed the meniscal tears intraoperatively, and that she "had persisting meaningful limitations . . . [several] years after the accident" based on his findings of limitations in range of motion (Hobbs, 211 AD3d at 472; see Nwanji at 651). To the extent causation was placed in issue, he also explained the basis for his opinion that plaintiff's knee injury was causally related to the accident. Plaintiff also submitted both her deposition testimony explaining that she had ceased treatment when insurance stopped paying and an affidavit that further explained her inability to afford continued treatment and lack of insurance (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906 [2013]; Nwanji v City of New York, 190 AD3d 650, 651 [1st Dept 2021]; Velazquez v City of New York, 200 AD3d 547, 548 [1st Dept 2021]).
If plaintiff establishes she sustained a serious injury to her left knee at trial, "she will be entitled to recover damages to compensate her for all injuries caused by the accident, whether or not they meet . . . the serious injury threshold" (Lamar-Vaterpool v Devora, 200 AD3d 421, 422 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023