## Petry v Benbat Cab Corp.

2024 NY Slip Op 34471(U)

December 23, 2024

Supreme Court, New York County

Docket Number: Index No. 159045/2019

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**

| | |
|---|---|
| PRESENT: **HON. JAMES G. CLYNES** | PART 22M |
| *Justice* | |

-------------------------------------------------------------------X

ANDREW PETRY,

Plaintiff,

- v -

BENBAT CAB CORP., MUHAMMAD RAHEEM, CONDO
TAXI INC., MD A. GONI

Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159045/2019 |
| MOTION DATE | 04/17/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 70, 71, 72, 73, 74, 75, 76, 78

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents and following oral argument, it is ordered that Plaintiff's motion for summary judgment on liability in their favor and striking "any Affirmative Defense for culpable conduct and contributory negligence [by plaintiff]" and the cross-motion by Defendants Benbat Cab Corp. (Benbat) and Muhammad Raheem (Raheem) for an Order granting summary judgment on the issue of liability in their favor and against co-Defendants Condo Taxi Inc. (Condo) and Md A Goni (Goni), and dismissing the Complaint and cross-claims against Benbat and Raheem is decided as follows.

Plaintiff seeks recovery for injuries allegedly sustained as a result of a July 4, 2019 motor vehicle accident between a vehicle owned by Benbat and operated by Raheem, within which Plaintiff was a passenger, and a vehicle owned by Condo and operated by Goni.

In support of his motion, Plaintiff includes a police accident report, the examination before trial testimony of Plaintiff, and the examination before trial testimony of Raheem.

The police report identifies the parties and states that Raheem stated that he was driving northbound on Third Avenue when Goni cut in front of Raheem's vehicle, and after collision with Goni's vehicle, Raheem collided with a fixed object on the sidewalk.

Plaintiff testified that he was a rear passenger in a yellow taxi; not wearing a seatbelt; as they were driving north on Third Avenue in the right middle lane, approaching the intersection of

159045/2019 PETRY, ANDREW vs. BENBAT CAB CORP.
Motion No. 002

Page 1 of 4

26th Street and Third Avenue, before reaching the intersection, another taxi entered their lane at a much slower speed than they were driving, the driver braked but could not avoid impacting the other vehicle and the impact propelled the taxi through the intersection to the other side of 26th Street.

Raheem testified that he was driving a yellow cab with a rear seat passenger; driving north on Third Avenue in the right center lane going straight; a yellow cab was driving to his left, a person on the right side of the street hailed a cab, the cab moved right, Raheem was entirely within his lane, when Raheem's vehicle was struck with a heavy impact, forcing him into an internet pole. Raheem further testified that the contact occurred when the cab was 50% in Raheem's lane and 50% in the lane to the left.

Goni failed to appear for his examination before trial.

In opposition to Plaintiff's motion, Condo and Goni submit an attorney affirmation contending that there are questions of fact concerning co-Defendants' comparative fault.

In opposition to Plaintiff's motion and in support of their cross-motion, Benbat and Raheem rely on Plaintiff's examination before trial testimony and the examination before trial testimony of Raheem. Benbat and Raheem contend that the subject accident was caused by the negligence of the Goni and Condo, when Goni was driving unaware of his surroundings and negligently attempted to change lanes when it was unsafe to do so. Benbat and Raheem further contend that they were occupying their lane of traffic in a lawful and ordinary manner when Goni failed to comply with VTL 1163 (a) and negligently changed lanes and came into contact with the Benbat/Raheem vehicle.

In opposition to the cross-motion by Benbat and Raheem, Condo and Goni contend that there are issues of fact concerning comparative fault and contributory negligence that preclude this Court from granting the cross-motion for summary judgment as to liability. Plaintiff also opposes the cross-motion.

An innocent passenger is entitled to summary judgment on the issue of liability where a prima-facie showing of their cause of action is provided through admissible evidence, that is not rebutted (*Hobbs v MTA Bus Co.*, 211 AD3d 471 [1st Dept 2022]). Here, Plaintiff has established entitlement to summary judgment on the issue of liability (*Bajrami v Twinkle Cab Corp.*, 147 AD3d 649 [1st Dept 2017]). It is undisputed Plaintiff, as a passenger in a vehicle owned and

159045/2019  PETRY, ANDREW vs. BENBAT CAB CORP.
Motion No. 002

Page 2 of 4

[* 2]

operated by Benbat and Raheem, did not contribute to the happening of the accident (*Lopez v Suggs*, 186 AD3d 589, 590 [2d Dept 2020]).

Pursuant to Vehicle and Traffic Law (VTL) 128, vehicles on a roadway that has been divided into two or more clearly marked lanes for traffic, "shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety" (VTL 1128 [a]). Drivers have "a duty not to enter a lane of moving traffic until it [is] safe to do so," and the failure to heed this duty constitutes as negligence per se (*Davis v Turner*, 132 AD3d 603 [1st Dept 2015]). An accident resulting from a driver's unexcused violation of this statute constitutes negligence per se and establishes a prima facie case for liability (*Sanchez v Oxcin*, 157 AD3d 561 [1st Dept 2018]). Collisions resulting from a violation of VTL 1128 (a) follow the general principle that the driver with the right-of-way was "entitled to anticipate that [defendant] would obey traffic laws which required him to yield," (*Flores v City of NY*, 66 AD3d 599 [1st Dept 2009]).

Here, the Court finds that cross-moving Defendants Benbat and Raheem established prima facie entitlement to summary judgment on the issue of liability through Raheem's testimony that he was entirely within his lane of travel when Goni entered Raheem's lane when it was unsafe to do so and made contact with the Benbat/Raheem vehicle. Thus, the burden shifts to co-Defendants Condo and Goni and Plaintiff to raise a triable issue of fact.

In opposition, Condo and Goni failed to submit any non-negligent explanation for this accident as they submit only an attorney's affirmation. "A mere attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance," and is thus incapable of raising a triable issue of fact (*Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]). Therefore, Benbat and Raheem's motion for summary judgment and dismissal of Plaintiff's Complaint is granted. Accordingly, it is

**ORDERED** that the motion by Plaintiff for summary judgment on the issue of liability is granted; and it is further

**ORDERED** that Second Affirmative Defense alleging culpable conduct by plaintiff of Defendants Condo Taxi Inc. and Md. A. Goni is dismissed; and it is further

**ORDERED** that the cross-motion by Defendants Benbat Cab Corp. and Muhammad Raheem for an Order granting summary judgment on the issue of liability in their favor and against co-Defendants Condo Taxi Inc. and Md A Goni, and dismissing the Complaint and cross-claims against Benbat Cab Corp. and Muhammad Raheem is granted; and it is further

159045/2019  PETRY, ANDREW vs. BENBAT CAB CORP.
Motion No. 002

Page 3 of 4

[* 3]

**ORDERED** that the complaint is dismissed in its entirety as against Defendants Benbat Cab Corp. and Muhammad Raheem, and the Clerk is directed to enter judgment accordingly in favor of said Defendants; and it is further

**ORDERED** that the action is severed and continued against the remaining Defendants; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**ORDERED** that counsel for the Defendants Benbat Cab Corp. and Muhammad Raheem shall serve a copy of this order with Notice of Entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 12/23/2024 | | | | James G. Clynes, J.S.C. |
| DATE | | | | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159045/2019  PETRY, ANDREW vs. BENBAT CAB CORP.**
**Motion No.  002**

Page 4 of 4

4 of 4