| |
|---|
| **Saez v Lyka Taxi Inc.** |
| 2025 NY Slip Op 31900(U) |
| May 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157397/2021 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JAMES G. CLYNES                    PART                22

*Justice*

-----------------------------------------------------------------X

EDMIN SAEZ,

|  |  |
|---|---|
| INDEX NO. | 157397/2021 |
| MOTION DATE | 06/14/2024 |
| MOTION SEQ. NO. | 003 |

Plaintiff,

- v -

LYKA TAXI INC. and MAMADOU G. DIALLO,                **DECISION + ORDER ON MOTION**

Defendants.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER)          .

Plaintiff, Edmin Saez, brings this action to recover damages for personal injuries allegedly sustained on June 28, 2019, in a motor vehicle accident on West Houston Street, at or near its intersection with LaGuardia Place in Manhattan, New York. The parties completed discovery[1] and a Note of Issue was filed on May 17, 2024.

Defendants, Lyka Taxi and Mamadou G. Diallo, move pursuant to CPLR 3212 for summary judgment dismissing plaintiff's complaint on the grounds that plaintiff cannot meet the serious injury threshold requirements as mandated by Insurance Law 5104 (a) and 5102 (d) (NY St Cts Elec Filing [NYSCEF] Doc No. 56). Plaintiff opposes.

## Factual Background

Plaintiff was riding his bicycle when he was allegedly struck by a vehicle being operated by Mamadou G. Diallo and owned by Lyka Taxi Inc (NYSCEF Doc Nos. 60 at ¶¶ 3-8, 10-11; NYSCEF Doc No. 63, plaintiff's tr at 17, lines 19-20). At the time of the accident, plaintiff worked

---

[1] Defendants are precluded from testifying as to liability due to their repeated failure to appear for a court ordered deposition (NYSCEF Doc No. 49).

157397/2021  SAEZ, EDMIN vs. LYKA TAXI INC. ET AL                    Page 1 of 10
Motion No. 003

as an independent contractor with Postmates delivering food items (NYSCEF Doc No. 63, plaintiff's tr at 14, lines 6-18; at 19, lines 13-18). Plaintiff was in the process of completing a delivery of cookies when the accident occurred (*id.* at 19, lines 6-9). Plaintiff testified that he never returned to Postmates after the accident (*id.* at 16, lines 17-19).

Plaintiff was taken to Bellevue hospital via ambulance due to complaints of pain in his right shoulder (*id.* at 53, lines 12-19). At the hospital, he was given oral medication for pain and discharged the same day (*id.* at 54, lines 7-16). X-rays were taken prior to discharge and plaintiff was advised that there was no fracture (*id.* at 54, lines 7-8; at 55, lines 4-6). Plaintiff underwent physical therapy for his shoulder; during a session, a bump was discovered (*id.* at 62, lines 13-22). After an MRI scan of his shoulder revealed a torn ligament, plaintiff was informed that he needed surgery *(id.* at 63, lines 8-25). Plaintiff had surgery to his right shoulder on August 8, 2019, to repair tear of the acromioclavicular ligament (NYSCEF Doc Nos. 72-73). Plaintiff treated with Skyline Physical Therapy for more than six months (NYSCEF Doc No. 63, plaintiff's tr at 67, lines 17-24). Plaintiff testified that his physical limitations include inability to rotate his arm fully and to lift 50 pounds as well as a significantly weaker right arm (*id.* at 68, line 19, through 71, line 13; at 76, lines 14-25).

Although plaintiff alleges all eight of the serious injury categories in his bill of particulars, (NYSCEF Doc No. 61 at ¶¶ 10, 20), in opposition to the motion, plaintiff concedes that he is only claiming four categories (NYSCEF Doc No. 71 at ¶ 31). Specifically, plaintiff alleges (1) the permanent loss of use of a body organ, member, function, or system; (2) a permanent consequential limitation of use of a body organ or member; (3) a significant limitation of use of a body function or system; and (4) a medically determined injury or impairment of a non-permanent nature which endured for 90 days or more and substantially limited the performance of his usual and customary

**157397/2021  SAEZ, EDMIN vs. LYKA TAXI INC. ET AL**
**Motion No. 003**

**Page 2 of 10**

2 of 10

daily activities (NYSCEF Doc No. 71 at ¶ 31). Plaintiff asserts that he was confined to bed and home for 120 days following the accident and incapacitated from employment for the same amount of time and remains partially incapacitated (NYSCEF Doc No. 61 at ¶¶ 12-13).

Legal Standard

A movant seeking summary judgment pursuant to CPLR 3212 in its favor "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The evidentiary proof tendered must be in admissible form (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). "This burden is a heavy one and on a motion for summary judgment, 'facts must be viewed in the light most favorable to the non-moving party' " (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [citation omitted]), "and every available inference must be drawn in the [non-moving party's] favor" (*De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]). Once met, this burden shifts to the opposing party who must then demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If the existence of an issue of fact is even arguable, summary judgment must be denied (*Phillips v Kantor & Co.*, 31 NY2d 307, 311 [1972]; *Museums at Stony Brook v Village of Patchogue Fire Dept.*, 146 AD2d 572, 573 [2d Dept 1989]). Indeed, "[w]here different conclusions can reasonably be drawn from the evidence, the motion should be denied" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 555 [1992]; *accord Jaffe v Davis*, 214 AD2d 330, 330 [1st Dept 1995] [denial required where conflicting inferences may be drawn]).

Discussion

Defective Affirmations

**157397/2021   SAEZ, EDMIN vs. LYKA TAXI INC. ET AL**
**Motion No.  003**

**Page 3 of 10**

3 of 10

[* 3]

As correctly pointed out by plaintiff, defendants did not comply with CPLR 2106. A defect that defendants neither acknowledged nor attempted to remedy. CPLR 2106 provides that any person providing an affirmation use the following language:

I affirm this ___ day of _____, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Defendants submitted affirmations by defendants' counsel and their medical expert, however none of the affirmations track the statutory language set forth in CPLR 2106 (NYSCEF Doc Nos. 57, 65). Defendants' counsel's affirmation is pursuant to CPLR 2105, affirming upon information and belief (NYSCEF Doc No. 57). The medical expert only affirms "under the penalties of perjury," omitting the words "which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law" (NYSCEF Doc No. 65 at 5).

As the affirmations submitted in support of defendants' motion are not in the form required by CPLR 2106, they cannot be relied upon (*see Grandsard v Hutchison*, 2024 WL 1957086, at *1 [Sup Ct, NY County Apr. 26, 2024, No. 153605/2024, Latin, R.G.] [attorney affirmation in support of a petition not considered because it merely affirmed that the attorney's statements were made "under penalty of perjury" without strictly complying with CPLR 2106], *aff'd* 227 AD3d 491 [1st Dept 2024]). Accordingly, the affirmations submitted in support of defendants' motion are inadmissible (*see Great Lakes Ins. SE v Am. Steamship Owners Mut. Prot. & Indem. Ass'n Inc.*, 228 AD3d 429, 429 [1st Dept 2024] [affirming denial of motion for summary judgment where

**157397/2021   SAEZ, EDMIN vs. LYKA TAXI INC. ET AL**
**Motion No.  003**

**Page 4 of 10**

4 of 10

[* 4]

affirmations were inadmissible because they did not contain the language required by CPLR 2106]).

Serious Injury

Even if the court excused defendants' defective affirmations under CPLR 2001, defendants are not entitled to summary judgment. Pursuant to Insurance Law 5104 (a), "in any action by . . . a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle . . . there shall be no right of recovery for non-economic loss, except in the case of a serious injury." Accordingly, the court must consider the threshold inquiry of whether plaintiff suffered serious injuries within the meaning of Insurance Law 5102 (d). Such statute defines serious injury as:

> "a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." Insurance Law 5102 [d].

Moving defendants bear the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that plaintiff has not suffered a serious injury proximately resulting from the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys., Inc.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). If defendants have made such a showing, the burden shifts to plaintiff to submit evidence in admissible form to establish that there are triable issues of fact (*see Franchini v Palmieri*, 1 NY3d 536, 536 [2003]; *Grasso v Angerami*, 79 NY2d 813, 815 [1991]).

157397/2021   SAEZ, EDMIN vs. LYKA TAXI INC. ET AL
Motion No. 003

Page 5 of 10

[* 5]

In their motion for summary judgment, defendants rely on the independent medical examination (IME) report prepared by Dr. Pierce J. Ferriter, a Board-certified Orthopedic Surgeon, detailing his March 15, 2024 examination of plaintiff, findings, and conclusions (NYSCEF Doc No. 65). Dr. Ferriter reported negative findings on Hawkins/Kennedy Impingement, Neer Impingement Maneuver, Cross Arm Adduction, Empty Can (Jobe's) test, Scapular Winging, Drop Arm, O'Brien, Painful Arc, Atrophy Of Deltoid, Rotator cuff strength (5/5), with no functional disability (*id.* at 4). He noted there was no complaint of tenderness upon palpation in the acromioclavicular joint or supraspinous muscle (*id.*). Dr. Ferriter's examination of plaintiff's right shoulder, using a handheld goniometer, revealed a normal range of motion when testing forward flexion, extension, abduction, internal rotation, and external rotation (*id.* at 5). Dr. Ferriter concluded that plaintiff's injury had "resolved" and that there was no causal connection to the accident (*id.*). Defendants argue that plaintiff's allegations of injury were not caused in this accident, that no trauma was sustained, and the alleged injuries do not rise to the level of impairment sufficient to qualify under any category of the statute (NYSCEF Doc No. 57 at ¶ 29).

Defendants argue that plaintiff cannot satisfy the 90/180–day category (NYSCEF Doc No. 57 at 9). Defendants rely on plaintiff's testimony from his deposition taken on June 22, 2023, where plaintiff admitted that he was only confined to bed for five to seven days and not being confined to home at all (NYSCEF Doc No. 63, plaintiff's tr at 78, line 20, through 79, line 24). Defendants assert that this testimony confirms that plaintiff cannot establish that he was medically prevented from performing all his usual and customary activities for the requisite period (NYSCEF Doc No. 57 at 9).

In opposition, plaintiff submits contemporaneous medical records as well as an affirmed medical report from Dr. Gabriel L. Dassa, a Board-certified Orthopedic Surgeon, containing the

157397/2021   SAEZ, EDMIN vs. LYKA TAXI INC. ET AL
Motion No. 003

Page 6 of 10

6 of 10

[* 6]

results of a recent examination conducted on August 5, 2024 (NYSCEF Doc Nos. 66, 72-76). The medical records contain an affirmed MRI report from July 10, 2019, revealing a high-grade tear of the superior fibers of acromioclavicular ligament and coracoacromial ligament in plaintiff's right shoulder and certified medical records showing that plaintiff underwent operative surgical repair of his right shoulder on August 8, 2019 (NYSCEF Doc No. 66, 72-73).

In his affirmed medical report, Dr. Dassa attests that based on his examination, plaintiff suffered an injury to his acromioclavicular joint (NYSCEF Doc No. 74 at 2-3). He used a goniometer to examine plaintiff's range of motion and found significant limitations in the right shoulder (*id.*). Dr. Dassa lists the following ranges of motion for plaintiff's right shoulder: flexion – 150 (normal is 170), abduction – 150 (normal is 170), internal rotation – 40 (normal is 60), external rotation – 70 (normal is 90), extension – 10 (normal is 30) (*id.* at 2). He concluded, based on his examination of the plaintiff, that the plaintiff's injuries were permanent (*id.* at 3). Dr. Dassa stated that plaintiff's injury are directly related to the June 28, 2019 accident (*id.*). Dr. Dassa opined that, "given the nature of the patient's injuries with continued subjective pain, abnormal physical findings, and deformity that the patient sustained a significant and permanent functional loss of use of the right shoulder" (*id.* at 3). He recommended return for orthopedic appointment "[o]n a p.r.n. basis" (*id.*).

To establish the 90/180–day category, plaintiff cites to his bill of particulars and deposition testimony (NYSCEF Doc No. 71 at ¶¶ 35-36). He argues that he never returned to work as an independent contractor for Postmates and was limited in certain daily activities (*id.*; NYSCEF Doc No. 63, plaintiff's tr at 16, lines 17-19; at 68, line 19, through 71, line 13; at 76, lines 14-25). Plaintiff contends that his testimony as well as his medical records sufficiently raises a question of fact as to the 90/180 serious injury category (NYSCEF Doc No. 71 at ¶¶ 37, 39). He challenges

**157397/2021 SAEZ, EDMIN vs. LYKA TAXI INC. ET AL**
**Motion No. 003**

Page 7 of 10

Dr. Ferriter findings arguing that Dr. Ferriter's examination occurred more than three years after the accident and the doctor failed to relate his findings to the 180-day period following the accident (*id.* at ¶ 38). Plaintiff contends defendants' reliance solely on plaintiff's deposition testimony without medical evidence contradicting plaintiff's claimed disability during the requisite period is insufficient to establish entitlement to summary judgment (*id.* at ¶¶ 39-40).

In reply, defendants contend that plaintiff has failed to submit evidentiary proof in admissible form (NYSCEF Doc Nos. 78). Defendants reiterate the findings by their medical expert that plaintiff did not sustain a serious injury, contending that plaintiff's deposition testimony is sufficient to establish that he did not satisfy the 90/180-day category (*id.* at ¶¶ 4-13). Defendants object to Exhibits A, C, and D as unsworn medical records and that the medical records annexed as Exhibit G are merely certified (*id.* at ¶¶ 17-18). Defendants also argue that plaintiff failed to adequately explain any gap in treatment (*id.* at ¶¶ 19-20). Defendants further object to plaintiff's medical expert not offering alternative possibilities of causation of plaintiff's injury (*id.* at ¶ 20).

Based upon their medical submission,[2] defendants made out their prima facie case that plaintiff's alleged injuries were not serious as defined in Insurance Law 5102 (d), as required by Insurance Law 5104 (a). However, plaintiff's evidence in opposition is sufficient to raise a triable issue of fact was to whether he met the serious injury threshold (*see De Diaz v Klausner*, 223 AD3d 461, 461–462 [1st Dept 2024] [submission of contemporaneous medical treatment and

---

[2] Dr. Ferriter's failure to address the objective findings of plaintiff's July 10, 2019 MRI report which might have been indicative of a serious injury is insufficient to find that defendants did not make out a prima facie case because his expert medical report indicated the objective tests he relied upon (*see Robinson v Joseph*, 99 AD3d 568, 568 [1st Dept 2012] [defendants' experts failure to discuss positive findings of diagnostic tests did not necessitate a finding that defendants did not meet their prima facie burden] [citations omitted]).

**157397/2021 SAEZ, EDMIN vs. LYKA TAXI INC. ET AL**
**Motion No. 003**

**Page 8 of 10**

[* 8]

8 of 10

expert examination several years later raised triable issue of fact as to whether plaintiff sustained serious injuries], citing *Bonilla v Vargas-Nunez*, 147 AD3d 461, 462 [1st Dept 2017]; *Hobbs v MTA Bus Co.*, 211 AD3d 471, 472 [1st Dept 2022]). Plaintiff has presented evidence of a permanent right shoulder injury, confirmed by objective testing, sufficiently raising triable issues of fact as to whether plaintiff sustained serious injury within the meaning of the New York State Insurance Law (*Toure*, 98 NY2d at 352). Dr. Dassa's examination included use of a goniometer to measure range of motion, listing objective ranges of motion (NYSCEF Doc No. 74 at 2-3). Plaintiff's injury required surgery and impairment and pain continued post-surgery, which were confirmed by defendants' medical expert (NYSCEF Doc No. 65 at 3-4). The operative report of plaintiff's right shoulder (NYSCEF Doc No. 72-73), was reviewed, discussed and the results relied upon by defendants' medical expert in his medical report (*see Ayzen v Melendez*, 299 AD2d 381, 381 [2d Dept 2002] [reference to unsworn or unaffirmed medical reports in a defendants' motion is sufficient to permit plaintiff to rely upon the same reports]).

Accordingly, plaintiff raised a triable issue of fact by providing "an expert affirmed report of an examination showing quantified loss of range of motion after defendants' expert examination" (*Shumway v Bungeroth*, 58 AD3d 431, 432 [1st Dept 2009]).

Additionally, the parties conflicting medical expert reports create triable issues of fact as to whether plaintiff meets the no-fault threshold which must be resolved by a jury at trial (*Garcia v Long Island MTA*, 2 AD3d 675, 675 [2d Dept 2003]). Dr. Ferriter, defendants' expert witness's findings of no loss of range of motion conflicts with that of Dr. Dassa. Questions remain as to the thoroughness of Dr. Ferriter's report as he failed to address the results of the July 10, 2019 MRI report in his findings and does not list the MRI or its results among the items reviewed (NYSCEF Doc No. 65 at 3). Indeed, it is not for the court to resolve conflicting opinions or the experts'

**157397/2021  SAEZ, EDMIN vs. LYKA TAXI INC. ET AL**
**Motion No. 003**

**Page 9 of 10**

credibility on summary judgment (*Bradley v Soundview Healthcenter*, 4 AD3d 194, 194 [1st Dept 2004]; *Rappaport v Sear Roebuck*, 28 AD3d 449, 450 [2d Dept 1992]).

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is

ORDERED that defendants' motion seeking summary judgment dismissing plaintiff's complaint pursuant to CPLR 3212 is denied.

This constitutes the Decision and Order of the Court.

__5/30/2025__
DATE

JAMES G. CLYNES, J.S.C.

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

157397/2021    SAEZ, EDMIN vs. LYKA TAXI INC. ET AL
Motion No. 003

Page 10 of 10