**Yacinthe v Pamdh Enters. Inc.**

2025 NY Slip Op 34752(U)

December 8, 2025

Supreme Court, New York County

Docket Number: Index No. 152470/2015

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PHAEDRA F. PERRY-BOND**     PART _____ 35 _____
*Justice*

-------------------------------------------------------------------------X

RODNEY YACINTHE, CHIKULUPILIRO KUNDA
             Plaintiff,

           - v -

PAMDH ENTERPRISES INC. D/B/A KATRA, JOHN DOE,
             Defendant.

-------------------------------------------------------------------------X

INDEX NO. _____ 152470/2015 _____

**DAMAGES INQUEST**

**DECISION AND ORDER**

       This is an action to recover damages for personal injuries arising from a fight that occurred outside of a nightclub on or about March 20, 2014. Plaintiffs, Rodney Yacinthe (Yacinthe) and Chikulupoliro Kunda (Kunda) (collectively, Plaintiffs), alleged after attending an event at defendant's venue, Pamdh Enterprises Inc. d/b/a Katra (Katra), where alcohol was served, Plaintiffs were attacked by another group of attendees on the sidewalk nearby (NYSCEF Doc. No. 6, ¶¶7-33).

## Procedural History

       Plaintiffs commended this action on March 13, 2015, by filing a summons with notice (NYSCEF Doc. No. 1), and later filed a complaint on August 26, 2015 (NYSCEF Doc. No. 6). In the complaint, Plaintiffs attempted to identify a bouncer purportedly involved with the removal of the parties from the venue, as John Doe #1 or "House" (House), and John Doe #2-7 representing the individuals who assaulted and battered Plaintiffs. Plaintiffs attempted substitute service on House (NYSCEF Doc. No. 2), but never made attempts at service on John Does #2-7. House never appeared in this action. Katra appeared by counsel and served an answer on October 20, 2015 (NYSCEF Doc. No. 7).

       Plaintiffs filed a note of issue on December 17, 2018 (NYSCEF Doc. No. 32). On August 30, 2024, Katra's counsel filed to be relieved as counsel (NYSCEF Doc. Nos. 41, 42, 43 and 44), which the Court granted by decision and order signed September 13, 2024 (NYSCEF Doc. No. 45). Katra was granted 45 days to obtain substitute counsel, and on November 13, 2024, Katra failed to appear at a scheduled court conference (NYSCEF Doc. Nos. 45 and 49).

       On January 17, 2025, the Court granted Plaintiffs' oral motion for summary judgment on default, and the matter was scheduled for an inquest as to damages (NYSCEF Doc. No. 49).

       On February 2, 2025, Yacinthe appeared before the Court to offer testimony during the first phase of the damages inquest. During Yacinthe's testimony, Plaintiffs provided the Court with numerous medical records in a binder under Exhibits 1 and 2, without any affirmation or certification of the records, pursuant to Civil Practice Law and Rules (CPLR) 4518. The same day

[* 1]

Plaintiffs also offered Kunda's affidavit [sic] dated February 23, 2025 (Kunda Aff.) [1] in a binder with numerous medical records compiled into Exhibits 1 and 2. None of the records proffered by Plaintiffs were substantiated in accordance with the rules of evidence.

On March 13, 2025, the damages inquest was continued virtually with Kunda appearing and providing his testimony. Katra never appeared during the inquest.

On May 30, 2025, Plaintiffs' counsel e-filed an attorney affirmation[2] dated May 30, 2025 (NYSCEF Doc. No. 50), in support of the inquest on damages, together with exhibits 1-16 (NYSCEF Doc. Nos. 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61 ,62, 63, 64, 65 and 66). These documents were filed pursuant to the Court's instruction during the virtual appearance on March 13, 2025, to provide evidence in admissible form, and with case law to support Plaintiffs' damage claims.

## Findings of Fact

Having defaulted in this matter, Katra is deemed to have admitted all factual allegations against them and the reasonable inferences that flow therefrom (see *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003] citing *Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; and *HSBC Bank USA, N.A. v Simms*, 163 AD3d 930, 933 [1st Dept 2018].)

A defaulting defendant "admits all traversable allegations in the complaint, including the basic issue of liability[,]" however, "a defaulting defendant does not admit the plaintiff's conclusion of damages" (*Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985][citations omitted]). A defaulting defendant is "entitled to contest serious injury and damages, and to offer proof thereon" (*Toure v Harrison*, 6 AD3d 270, 272 [1st Dept 2004][citations omitted]). Here, Katra did not appear at the inquest.

"[A] plaintiff must still present proof of damages at the inquest" (*Zaman v 21 Century Cosmetic Dentistry*, 2025 NY Slip Op. 50955(U), *1 [App Term [1st ] Dept 2025] citing *Paulson v Kotsilimbas*, 124 AD2d 513, 514 [1st Dept 1986]). (*See also Wine Antiques, Inc. v St. Paul Fire and Marine Ins. Co.*, 40 AD2d 657 [1st Dept 1972], *aff'd* 34 NY2d 781 [1974].)

Counsel's affirmation dated May 30, 2025, does not contain CPLR 2106 language, which went into effect on January 1, 2024. Counsel's affirmation merely states he "affirms the following under penalty of perjury" (NYSCEF Doc. 50, p. 1). This does not comport with CPLR 2106, which requires an affirmation:

> "shall be in substantially the following form: I affirm this __ day of ___, ___, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law."

---

[1] The "affidavit" provided does not comply with CPLR 2106 for affirmations, nor does it comply with CPLR § 2309.

[2] Counsel's affirmation also fails to comply with CPLR 2106 requirements (NYSCEF Doc. No. 50).

[* 2]

Failure to follow CPLR 2106 renders the affirmations and related exhibits inadmissible. (*Grandsard v Hutchinson*, 2024 WL 1957086, at *1 [Sup. Ct, NY County 2024] *aff'd* 227 AD3d 491 [1st Dept 2024].) (*See also Saez v Lyka Taxi Inc.*, 2025 NY Slip Op 31900(U) [Sup. Ct. NY County 2025].) Since both Counsel Aff. and Kunda Aff. do not conform to CPLR 2106 requirements, the testimony, and annexed exhibits are inadmissible to support Plaintiffs' damage claims.

This leaves the Court to consider the sworn testimony provided by Yacinthe and Kunda at their respective inquest hearing dates. The Court finds testimony from Yacinthe and Kunda as to the events, their respective injuries, and the aftermath not credible.

Yacinthe and Kunda provided conflicting testimony as to how the incident began and what happened during the attack. Yacinthe could not provide any proof as to lost wages from his injuries, and, despite the injury to his eye and vision, maintains a driver's license, and has not otherwise shown a harmful loss. Kunda, at the time of the incident, was underage yet was drinking at Katra prior to the incident. Plaintiffs did not provide evidence, in admissible form, to support claims for their respective lost wages and medical expenses.

## Conclusion of Law

The issue of what is considered reasonable compensation for personal injury damages "especially those for pain and suffering, are subjective opinions which are formulated without the availability, or guidance, of precise mathematical quantification" (*Reed v City of New York*, 304 AD2d 1, 7 [1st Dept 2003] [citations omitted]). What constitutes "reasonable compensation" must be assessed with due regard to the "circumstances presented" (*Luna v New York City Tr. Auth.*, 116 AD3d 438, 438 [1st Dept 2014]).

As the Court of Appeals outlined in *Sheehy v Big Flats Community Day, Inc.*, 73 NY2d 629, 635 [1989], with the enactment of the Dram Shop Act, New York adopted a scheme:

> "affording civil damages to those injured by the negligent or unlawful dispensation of alcohol. General Obligations Law [GOL] § 11-101 (the Dram Shop Act), which applies only to commercial alcoholic beverage sales, expressly provides for a right of action by any person 'injured in person, property, means of support, or otherwise by any intoxicated person' against the person who unlawfully sold or assisted in the procuring of the intoxicated person's alcohol. However, this statute has been held not to authorize recovery in favor of the individual whose intoxication resulted from the unlawful sale [citations omitted]."

The Dram Shop Act includes GOL § 11-100, which applies to:

> "[a]ny person who shall be injured in person, … or otherwise, by reason of the intoxication or impairment of ability of any person under the age of twenty-one years, whether resulting in his death or not, shall have a right of action to recover actual damages against any person who knowingly causes such intoxication or impairment

of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of twenty-one years."

Here, while Katra's liability was established due to default, granting damages to Kunda, despite underage drinking, flies in the face of well-established Dram Shop Act case law, which prevents recovery by the intoxicated person. (*See Sheehy v Big Flats Community Day, Inc.*, 73 NY2d 629, 635 [1989].) As Kunda's testimony was not credible, is unsupported by any evidence in admissible format, and an award goes against established case law in this area, the Court declines to grant Kunda any damages.

Plaintiffs' counsel cited several cases containing large damage awards as the basis for Yacinthe's relief requested (NYSCEF Doc. No. 50, ¶¶45-51). However, the cases cited involved injuries significantly more severe than those suffered by Yacinthe, and are not comparable to the minimal facts in the record. The Court determines Yacinthe was injured and spent time in the hospital immediately after the incident at Katra, but as no evidence in admissible form was proffered in support of Yacinthe's medical expenses, lost earnings (past and future) the Court declines to grant any damage awards for these categories.

In the category of pain and suffering, Yacinthe testified as to his time in the hospital after the injury, his recovery, and the pain and suffering therefrom, and the Court awards him $10,000.00 for his pain and suffering based solely on his testimony, as no other evidence was submitted in admissible form. It is hereby:

ORDERED that the Clerk of the Court shall enter judgment in favor of plaintiff, Rodney Yacinthe, against defendant Pamdh Enterprises Inc. d/b/a Katra in the sum of $10,000.00, plus prejudgment statutory interest at the rate of 9% per annum from the establishment of liability on January 17, 2025.

This constitutes the Decision and Order after inquest of the Court.

| 12/8/2025 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | PHAEDRA F. PERRY-BOND, J.S.C. | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |