Robinson v DeSouza
2026 NY Slip Op 03408
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Lisa M. Robinson, Plaintiff-Respondent,
v
John J. DeSouza et al., Defendants-Respondents, John J. Hermanowski et al., Defendants-Appellants.

Decided and Entered: June 02, 2026
Index No. 21579/20|Appeal No. 6756-6757|Case No. 2024-05108 2025-05193|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Armienti, DeBellis, & Rhoden, LLP, Mineola (Vanessa M. Corchia of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Joshua Block of counsel), for Lisa M. Robinson, respondent.

[*1]
Order, Supreme Court, Bronx County (John A. Howard-Algarin, J.), entered on or about July 5, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability against defendants John J. Hermanowski, Metropolitan Transportation Authority, MTA Metro-North Railroad, and the City of New York (collectively, the City), unanimously modified, on the law, to grant plaintiff's motion only to the extent of finding no culpable conduct by plaintiff on the issue of liability and to vacate the finding of liability against the City, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 5, 2025, which, to the extent appealed from as limited by the briefs, denied the City's motion for leave to renew, unanimously dismissed, without costs, as academic.
Plaintiff was a passenger in the rear seat of a taxi owned by defendant American United Transportation Inc. and operated by defendant John J. DeSouza (collectively, the DeSouza defendants). The taxi and a truck owned by the City and operated by Hermanowski collided. DeSouza and Hermanowski each claim that the other party caused the collision by improperly merging and striking the side of the other party's vehicle.
There is no dispute that plaintiff was an innocent passenger and cannot be found at fault under any version of how this collision occurred. Therefore, plaintiff is entitled to summary judgment to the extent of finding that she was not culpable in connection with the collision (see Hobbs v MTA Bus Co., 211 AD3d 471, 472 [1st Dept 2022]). However, to obtain summary judgment against the City defendants, plaintiff was still required to establish Hermanowski's liability under traditional principles of tort liability (id.). Plaintiff failed to make the requisite showing, as the evidence presented raises triable issues of fact as to how the collision occurred (see Bajaha v Mercy Care Transp., Inc., 172 AD3d 416, 419 [1st Dept 2019]). If Hermanowski's account is accepted as true, it is possible that the DeSouza defendants will be found to be solely at fault for this accident (see Hobbs, 211 AD3d at 472).
In light of the foregoing, the City's appeal of the court's denial of their motion to renew is academic (see Valley Natl. Bank v Community Prot. Church of Co-op City,Inc. , 245 AD3d 433, 434 [1st Dept 2026]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026